**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Merrill E. Jones,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 16-2290 (CKK)** |
| | : | |
| | : | |
| **Social Security Administration,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, seeks review under the Social Security Act, 42 U.S.C.

§ 405(g), of the Acting Commissioner's denial of her claim for disability insurance benefits.

Pending are plaintiff's motion for judgment of reversal [Dkt. # 18] and defendant's motion for

judgment of affirmance [Dkt. # 19]. Upon consideration of the pleadings, the Administrative

Record ("AR") [Dkt. # 11], and the relevant legal authorities, the Court finds that the

administrative decision is supported by substantial evidence and comports with applicable law.

Accordingly, the Court will grant defendant's motion and deny plaintiff's motion for the reasons

explained more fully below.

**I. BACKGROUND**

The relevant facts are taken from the April 23, 2015 Decision of the Administrative Law

Judge ("ALJ"), AR 14-26 [Dkt. # 11-2]. On May 26, 2011, at age 57, plaintiff filed a claim for

disability insurance benefits, alleging the onset of disability as of December 1, 2004 (protective

filing date). On November 29, 2011, the Acting Regional Commissioner denied plaintiff's

claim, resulting from "bladder and cancer stage I," upon finding that "[t]he medical evidence

1

shows that there are no problems related to your bladder which would limit your ability to work"

and "showed no signs of cancer." AR 114 [Dkt. # 11-4]. The Regional Commissioner

concluded from the medical information and plaintiff's "age, education, training, and work

experience" that plaintiff could perform her self-described "past work" and suggested that she

file another application if her condition worsened. *Id*. The agency denied plaintiff's request for

reconsideration on December 6, 2012. AR 121-124. In doing so, the agency listed in addition to

stage 1 bladder cancer "mental stress and hypertension" as disabling conditions and explained:

"The medical evidence shows that your condition results in some limitations in your ability to

perform work related activities. However these limitations do not prevent you from performing

work you have done in the past as financial management specialist as you described." AR 121.

On February 27, 2015, plaintiff appeared before an ALJ for a hearing where she was

represented by counsel. Plaintiff testified as did an impartial vocational expert. "After careful

consideration of the entire record," the ALJ found:

> 1. The claimant meets the insured status requirements of the Social
> Security Act through December 31, 2018.

> 2. The claimant engaged in substantial gainful activity throughout the
> following years: 2006, 2007, and 2013. (20 CFR 1520(b) and 404.1571 *et seq*.).

> 3. However, there has been a continuous 12-month period(s) during
> which the claimant did not engage in substantial gainful activity. The remaining
> findings address the period(s) the claimant did not engage in substantial gainful
> activity.

> 4. The claimant has the following severe impairments: Residual of
> bladder cancer with overactive bladder; chronic obstructive pulmonary disease;
> hypertension; and obesity (20 CFR 404.1520(c)).

> 5. The claimant does not have an impairment or combination of
> impairments that meets or medically equals the severity of one of the listed
> impairments in 20 CFR Part 404, Subpart P, Appendix 1. 20 CFR 404.1520(d),
> 404.1525 and 404.1526.

6. [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that she cannot climb stairs, ropes, or scaffolds; cannot crawl; should avoid exposure to extreme cold and extreme heat; and should avoid concentrated exposure to irritants such as fumes, odors, dust, and gases.

7. The claimant is capable of performing past relevant work as an account clerk, cashier, and pharmacy technician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

8. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2004, through the date of this decision [on April 23, 2015] (20 CFR 404.1520(f)).

AR 19, 21, 25. The ALJ provided detailed explanations of each finding, citing plaintiff's medical records, testimony and other statements, and the impartial vocational expert's testimony. *See generally* AR 19-25.

The Appeals Council denied plaintiff's request for review in a letter dated May 11, 2016, AR 7, and granted, by letter of September 30, 2016, plaintiff's request to extend the time to file a civil action. AR 5. Plaintiff timely lodged her complaint with the Clerk of Court on October 21, 2016.

## II. LEGAL STANDARD

### 1. Statutory Framework

The D.C. Circuit has explained:

To qualify for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, [the claimant] must establish that she is "disabled." 42 U.S.C. §§ 423(a)(1)(D), 1382(a)(1). "Disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id*. §§ 423(d)(1)(A), 1382c(a)(3)(A). With certain exceptions . . . , an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id*. §§ 423(d)(1)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for assessing a claimant's alleged disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the burden of proof on the first four steps. *Id*. §§ 404.1520, 416.920. First, the claimant must demonstrate that she is not presently engaged in "substantial gainful" work. *Id*. §§ 404.1520(b), 416.920(b). Second, a claimant must show that she has a "severe impairment" that "significantly limits [her] physical or mental ability to do basic work activities." *Id*. §§ 404.1520(c), 416.920(c). Third, if the claimant suffers from an impairment that meets the duration requirement and meets or equals an impairment listed in Appendix 1 to the Commissioner's regulations, she is deemed disabled and the inquiry is at an end. *Id*. §§ 404.1520(d), 416.920(d). If the claimant does not satisfy step three, the inquiry proceeds to the fourth step, which requires her to show that she suffers an impairment that renders her incapable of performing "past relevant work." *Id*. §§ 404.1520(e), 416.920(e). Once a claimant has carried the burden on the first four steps, the burden shifts to the Commissioner on step five to demonstrate that the claimant is able to perform "other work" based on a consideration of her "residual functional capacity" (RFC), age, education and past work experience. *Id*. §§ 404.1520(f), 416.920(f).

*Butler v. Barnhart*, 353 F.3d 992, 997 (D.C. Cir. 2004) (pronoun alterations in original). "[T]he ALJ 'has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability.'" *Id.* at 999 (quoting *Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989)).

**2. Standard of Review**

A court may not disturb the Commissioner's determination if it is based on substantial evidence in the record and correctly applies the relevant legal standards. *Butler*, 353 F.3d at 999 (citing 42 U.S.C. §§ 405(g), 1383(c)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). "The test requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Butler*, 353 F.3d at 999 (citation omitted). Plaintiff bears the "burden of demonstrating" that the Commissioner's

decision is not properly supported factually or legally.  *Lane-Rauth v. Barnhart*, 437 F. Supp. 2d 63, 64 (D.D.C. 2006) (citing *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (other citation omitted)).  If "additional evidence [is needed] for any reason," the court should remand the case to the Commissioner, as "[t]he Act directs the court to enter its judgment upon the pleadings and the transcript of the record." *Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977).

In reviewing an administrative decision, a court may not determine the weight of the evidence nor substitute its judgment for that of the Commissioner if her decision is based on substantial evidence.  *Butler*, 353 F.3d at 999; *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990).  "Because the broad purposes of the Social Security Act require a liberal construction in favor of disability, the court must view the evidence in the light most favorable to the claimant." *Martin v. Apfel*, 118 F. Supp. 2d 9, 13 (D.D.C. 2000).  "The reviewing court must also determine whether credible evidence was properly considered." *Id*.  A reviewing court should not be left guessing as to how the ALJ evaluated probative material, and it is reversible error for an ALJ to fail in his written decision to explain sufficiently the weight he has given to certain probative items of evidence. *Id*.

### III. DISCUSSION

Plaintiff's arguments for judgment of reversal mistake the scope of review under 42 U.S.C. § 405(g).  In her opening motion filed on March 6, 2018, plaintiff asserts, without any citation to the record, that defendant "submitted a brief to the court that contained incorrect information and missing documentation."  Pl.'s Mot. at 1.  She claims to "have additional documentation to present and would like to review the defendants presented documents for inaccuracies." *Id*.  In addition, plaintiff states that she has "continuing medical issues, which are preventing me from working full time" and "will also be presented to [the] court." *Id*.  Plaintiff

attaches to the motion a letter dated October 20, 2017, from a medical doctor at Greenbelt
Urology Institute, LLC, under whose care plaintiff "has been . . . for many years due to severe
overactive bladder [and related] issues[.]" Mot. at 2. The remaining pages of the 25-page
motion are various, unexplained medical records.

On April 12, 2018, in response to the Commissioner's motion for affirmance filed on
April 9, 2018, the Court informed plaintiff of her obligation to "cite the relevant portions of the
Administrative Record . . . that support her position." Order [Dkt. # 21]. Yet, in a terse single-
paragraph reply filed on May 23, 2018, plaintiff simply repeats that the defendant "has
continue[d] to submit inaccurate information to the court," renews her motion for reversal, and
requests "a hearing to plead the case." Reply [Dkt. # 22].

Quite simply, plaintiff has not met her burden of identifying anything factually or legally
wrong with the ALJ's decision. Instead, she argues that the defendant's "brief" contains
"incorrect information and missing documentation" and seeks to introduce "additional
documentation" during this litigation. Mot. at 1. But as discussed above, the Court's review is
confined to the administrative record that was before the ALJ at the time of the decision, which
is the focal point. Therefore, defendant counters correctly that plaintiff's " 'new' evidence" is
irrelevant to these proceedings because it "post-dates the ALJ's decision." Def.'s Mem. at 8
[Dkt. # 20]. Presumably, plaintiff may submit a new application to the agency based on her
"worse[ned]" condition. AR 114. What matters here is that plaintiff does not claim, and the
record does not show, that the ALJ relied on incorrect information or overlooked relevant
documentation. On the other hand, defendant has pointed to substantial evidence in the
administrative record that fully supports the ALJ's decision, *see* Def.'s Mem. at 6-8, which the
Court also finds was based upon a proper application of the relevant law. *See* AR 17-19

(explaining "Applicable Law"); *cf.* AR 19-25 ("Findings of Fact and Conclusions of Law").

Accordingly, the Court cannot disturb the Commissioner's ultimate decision.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for judgment of affirmance is granted and

plaintiff's motion for judgment of reversal is denied. A separate order accompanies this

Memorandum Opinion.


_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Dated: November 7, 2018